1  JEFFREY J. LOWE
   JEFFREY J. LOWE, P.C.
2  8235 Forsyth, Suite 1100
   St Louis, Missouri 63105
3  jeff@jefflowepc.com
   Telephone:    (314) 678-3400
4  Facsimile:    (314) 678-3401

5  CAREY & DANIS, LLC
   8235 Forsyth Boulevard, Suite 1100
6  St. Louis MO 63105
   Telephone: 314-725-7700
7  Facsimile: 314-721-0905

8  Charles Lampin
   Kell Lampin LLC
9  4700 Mexican Rd.
   St. Peters, Missouri 63376
10 636-498-4000

11 T. Evan Schaeffer
   Andrea B. Lamere
12 SCHAEFFER & LAMERE, P.C.
   5512 Godfrey Road
13 Highway 67, Suite B
   Godfrey, IL 62035
14 618-467-8200

15 Evan Buxner
   Walther Glenn Law Offices
16 10 S. Brentwood Blvd., Suite 102
   St. Louis, MO 63117
17 314-725-9595
   Fax: 314-725-9597
18
   Attorneys for Plaintiffs
19

20
                  UNITED STATES DISTRICT COURT
21             FOR THE NORTHERN DISTRICT OF CALIFORNIA

22

23 **Pat Lanza, Patricia Johnson, Victoria**          )
   **Cosby, Paul Bookbinder, Ronnie**                 )
24 **Hendricks, Marilyn Cage,**                        )
   **Erik Blomenberg, Peggy Prince, Sadie**           )   Case No.
25 **Cryer, James Hynes, and Margareta**               )
                                                       )
26                                                     )   **MDL M:05-cv-01699 IN RE:**

27

28

507851 / 005424                                              COMPLAINT

| | |
|---|---|
| **Ladotchl, Peggy Wood, Clive Norton, and Woodrow Smith** ) ) ) ) | **BEXTRA AND CELEBREX MARKETING SALES PRACTICES AND PRODUCT LIABILITY LITIGATION** |

**Ladotchl, Peggy Wood, Clive Norton, and Woodrow Smith** )

                Plaintiffs, )

      v. )

**PFIZER INC** )

Serve: Registered Agent )
          CT Corporation System )
          818 West 7th Street )
          Los Angeles, CA 90017 )

**MONSANTO COMPANY** )

Serve: Registered Agent )
          CT Corporation System )
          818 West 7th Street )
          Los Angeles, CA 90017 )

**PHARMACIA CORPORATION,** )

Serve: Registered Agent )
          CT Corporation System )
          818 West 7th Street )
          Los Angeles, CA 90017 )

**G.D. SEARLE LLC,** )

Serve: Registered Agent )
          CT Corporation System )
          818 West 7th Street )
          Los Angeles, CA 90017 )

             Defendants.

1    COME NOW Plaintiffs, and for their complaint against G.D. Searle LLC, Pharmacia

2    Corporation, Monsanto Company, and Pfizer Inc. and allege as follows:

3
     1.  Pat Lanza is a citizen of the state of Alabama. Because of plaintiff's use of Bextra,
4
5    plaintiff suffered a heart attack and related injuries. Bextra caused or was a contributing cause of

6    plaintiff's health problems.

7    2.  Patricia Johnson is a citizen of the state of New Jersey. Because of her use of Bextra, she

8    suffered a stroke and related injuries. Bextra caused or was a contributing cause of her health
9
     problems.
10
11   3.  Victoria Cosby is a citizen of the state of Missouri. Because of her use of Bextra, she

12   suffered cardiac and renal injuries. Bextra caused or was a contributing cause of her health

13   problems.

14
     4.  Paul Bookbinder is a citizen of the state of Ohio. Because of his use of Bextra, he
15
16   suffered a stroke and related injuries. Bextra caused or was a contributing cause of his health

17   problems.

18   5.  Ronnie Hendricks is a citizen of the state of Georgia. Because of his use of Bextra, he

19   suffered cardiac injuries. Bextra caused or was a contributing cause of his health problems.

20
     6.  Marilyn Cage is a citizen of the state of Indiana. Because of her use of Bextra, she
21
22   suffered blood clots and related injuries. Bextra caused or was a contributing cause of her health

23   problems.

24   7.  Erik Blomenberg is a citizen of the state of Indiana. Because of his use of Bextra, he

25   suffered a heart attack and related injuries. Bextra caused or was a contributing cause of his health
26
     problems.
27

28

507851 / 005424                              3                                    COMPLAINT

1   8. Peggy Prince is a citizen of the state of Missouri. Because of her use of Bextra, she

2   suffered strokes and related injuries. Bextra caused or was a contributing cause of her health

3
    problems.
4

5   9. Sadie Cryer is a citizen of the state of Louisiana. Because of her use of Bextra, she

6   suffered a heart attack and related injuries. Bextra caused or was a contributing cause of her health

7   problems.

8   10. James Hynes is a citizen of the state of Massachusetts. Because of his use of Bextra, he
9
    suffered a heart attack and related injuries. Bextra caused or was a contributing cause of his health
10
11  problems.

12  11. Margareta Ladotchl is a citizen of the state of Massachusetts. Because of her use of

13  Bextra, she suffered a heart attack and related injuries. Bextra caused or was a contributing cause of

14  her health problems.
15
16  12. Peggy Wood is a citizen of the state of Washington. Because of her use of Bextra, she

17  suffered a heart attack and related injuries. Bextra caused or was a contributing cause of her health

18  problems.

19  13. Clive Norton is a citizen of the state of Illinois. Because of his use of Bextra, he
20
    suffered congestive heart failure and related injuries. Bextra caused or was a contributing cause of
21
22  his health problems.

23  14. Woodrow Smith is a citizen of the state of Florida. Because of his use of Bextra, he

24  suffered a heart attack and related injuries. Bextra caused or was a contributing cause of his health

25  problems.
26
    15. Defendant Pfizer Inc (hereinafter "Pfizer") is a Delaware corporation, and Pfizer was in
27

28

4                COMPLAINT

1 the business of manufacturing, marketing, selling and distributing the pharmaceutical product

2 Bextra.

3

4 16. Defendant G.D. Searle LLC (hereinafter "Searle") is a citizen of Illinois as it has

5 members who are citizens of Illinois. Searle was a division of Monsanto and was in the business of

6 designing, manufacturing, marketing, selling and distributing the pharmaceutical product Bextra.

7 17. Defendant Pharmacia is a Delaware Corporation that was in the business of

8 manufacturing, marketing, selling and distributing the pharmaceutical product Bextra.

9

10 18. Defendant Monsanto Company (hereinafter "Monsanto") is a Delaware Corporation

11 with its principal place of business in Missouri. Monsanto was in the business of designing,

12 manufacturing, marketing, selling and distributing the pharmaceutical product Bextra.

13 19. Bextra (Valdecoxib) is a pharmaceutical treatment for musculoskeletal

14 joint pain associated with osteoarthritis, among other maladies. Pfizer, Pharmacia, Monsanto,

15
Searle manufactured, designed, packaged, marketed and distributed this drug. Pfizer, Pharmacia,
16

17 Monsanto, and Searle encouraged the improper use of this drug, misrepresented the safety and

18 effectiveness of this drug, and concealed or understated its dangerous side effects. Pfizer,

19 Pharmacia, Monsanto, and Searle aggressively marketed this drug directly to the consuming public,

20
although only available through prescription, through the use of various marketing mediums,
21

22 including, but not limited to, print and television advertisements. Pfizer, Pharmacia, Monsanto, and

23 Searle did this to increase sales and profits.

24 20. Pfizer, Pharmacia, Monsanto, and Searle actually knew of the defective nature of

25 their product as herein set forth, yet continued to design, manufacture, market, distribute and sell

26
their product so as to maximize sales and profits at the expense of the general public's health and
27

28

1  safety in conscious disregard of the foreseeable harm caused by this product. Pfizer, Pharmacia,

2  Monsanto, and Searle's conduct exhibits such an entire want of care as to establish that their actions

3
4  were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to

5  the Plaintiff's individual rights, and hence punitive damages are appropriate.

6  ## BACKGROUND-BEXTRA

7  21.    Bextra (Valdecoxib) is a pharmaceutical treatment for musculoskeletal

8
9  joint pain associated with osteoarthritis, among other maladies. Pfizer, Pharmacia, Monsanto, and

10  Searle did manufacture, design, package, market and distribute this drug.

11  22.    This complaint seeks redress for damages sustained by plaintiffs, resulting from

12  plaintiffs' use of Bextra (Valdecoxib), manufactured and sold by Pfizer, Pharmacia, Monsanto, and

13  Searle.

14
15  23.    The damages sought herein are the direct and proximate result of Pfizer, Pharmacia,

16  Monsanto, and Searle's wrongful conduct in connection with designing, testing, inspecting,

17  manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising,

18  promoting, selling, packaging, supplying and/or distributing the prescription drug Bextra

19  (Valdecoxib).

20
21  24.    Pfizer, Pharmacia, Monsanto, and Searle were engaged in the business of designing,

22  testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing,

23  marketing, advertising, promoting, selling, packaging, supplying and/or distributing the

24  pharmaceutical drug Bextra (Valdecoxib) throughout the United States.

25  ## JURISDICTION

26
27  25.  There is federal subject matter jurisdiction based on diversity of citizenship because

28

plaintiffs and defendant are citizens of different states and the amount-in-controversy requirement

exceeds $75,000 for each plaintiffs' claim.

26. The applicable statute of limitations is tolled based on defendants' fraudulent

concealment of the dangers and adverse side effects of the drug Bextra, respectively, from plaintiffs

as more fully stated herein, which prevented them from discovering defendants' wrongdoing.

Additionally, for the reasons stated herein, defendants are equitably estopped from raising the

statute of limitations defense.

## COUNT I

## STRICT PRODUCTS LIABILITY/ DEFECTIVE DESIGN

Come now plaintiffs and for Count I of their Complaint against defendants Pfizer,

Pharmacia, Monsanto, and Searle, allege:

27. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth

herein.

28. Pfizer, Pharmacia, Monsanto, and Searle designed, produced, manufactured and injected

into the stream of commerce, in the regular course of its business, the pharmaceutical drug Bextra

(Valdecoxib) which it knew would be used by plaintiffs and others.

29.. At the time Bextra (Valdecoxib) was manufactured and sold to plaintiffs

by Pfizer, Pharmacia, Monsanto, and Searle, it was defective in design and unreasonably dangerous,

subjecting users to risks of heart attacks, strokes, and other illnesses which exceeded the benefits of

the products, and for which other safer products were available. This defective condition made the

7

1  product unreasonably dangerous when put to a reasonably anticipated use as

2  treatment for pain relief, which was the use for which Bextra (Valdecoxib) was advertised.

3
4      30.    Alternatively, when the Bextra (Valdecoxib) products were manufactured and sold to

5  plaintiffs by Pfizer, Pharmacia, Monsanto, and Searle, the products were defective in design and

6  formulation, making use of the product more dangerous than other drugs for pain relief.

7      31.  Plaintiffs used Bextra (Valdecoxib) in a manner reasonably anticipated.

8
9      32.  The Bextra (Valdecoxib) sold to the plaintiffs reached the plaintiffs without

10  substantial change. Plaintiffs were unaware of the dangerous propensities of the product. The

11  plaintiffs ingested the Bextra (Valdecoxib) without making any changes or alterations.

12     33.    As a direct and proximate result of the defective and dangerous design of the Bextra

13  (Valdecoxib), Plaintiffs has been damaged.

14     34.    Pfizer, Pharmacia, Monsanto, and Searle's conduct was done with conscious

15
16  disregard for the safety of users of Bextra (Valdecoxib), including plaintiffs, justifying an award of

17  punitive damages.

18                                    **COUNT II**

19                 **STRICT PRODUCTS LIABILITY/FAILURE TO WARN**

20      Come now plaintiffs and for Count II of their Complaint against defendants  Pfizer,

21
22  Pharmacia, Monsanto, and Searle and allege:

23     35.  Plaintiffs repeat and re-alleges the allegations of the prior paragraphs as if fully set forth

24  herein.

25     36.    The Bextra (Valdecoxib) manufactured, supplied, and sold by Pfizer, Pharmacia,

26
27  Monsanto, and Searle was unaccompanied by proper and adequate warnings regarding all adverse

28

side effects associated with the use of Bextra (Valdecoxib) and the comparative severity and duration of the adverse effects as well as that it was not approved for relief of acute pain and that it did not have any approved gastrointestinal-protective benefit. The warnings given by Pfizer, Pharmacia, Monsanto, and Searle did not accurately reflect the symptoms, type, scope, or severity of the side effects.

37.    The Bextra (Valdecoxib) manufactured, supplied, and sold by Pfizer, Pharmacia, Monsanto, and Searle was an unreasonably dangerous defective product which posed unacceptable risks to human health when put to a reasonably anticipated use by Plaintiffs who were without knowledge of its dangerous characteristics.

38.    Pfizer, Pharmacia, Monsanto, and Searle failed to perform adequate testing and study of Bextra (Valdecoxib) prior to marketing it or ignored existing data. Such adequate testing, study or analysis would have shown that Bextra (Valdecoxib) possessed serious life threatening side effects, with respect to which full and proper warnings accurately and fully reflecting symptoms, type of illness, scope and severity should have been given with respect to the use of Bextra (Valdecoxib).

39.    Pfizer, Pharmacia, Monsanto, and Searle also failed to act properly on adverse event reports it received about Bextra (Valdecoxib), and failed to properly study Bextra (Valdecoxib)'s pre-market as well as post market.

40.    Pfizer, Pharmacia, Monsanto, and Searle also failed to effectively warn users and physicians that numerous other methods of safer pain relievers were available.

41.    Pfizer, Pharmacia, Monsanto, and Searle failed to give adequate pre- and post-marketing warnings or instructions for the use of Bextra (Valdecoxib) because after Pfizer,

1    Pharmacia, Monsanto, and Searle knew or should have know of the risk of injury from Bextra

2    (Valdecoxib) use, Pfizer, Pharmacia, Monsanto, and Searle failed to provide adequate warnings to

3
   users or consumers and continued to aggressively promote the product to doctors, hospitals, and
4

5    directly to consumers.

6          42.     Plaintiffs used Bextra (Valdecoxib) in a manner reasonably anticipated.

7          43.     As a direct and proximate result of Pfizer, Pharmacia, Monsanto, and Searle selling

8
   Bextra (Valdecoxib) without adequate warnings, as well as the other conduct mentioned in this
9

10    Count, plaintiffs have been damaged.

11          44.     Pfizer, Pharmacia, Monsanto, and Searle's conduct was done with conscious

12    disregard for safety, justifying an award of punitive damages.

13                               **COUNT III**

14                       **NEGLIGENT DESIGN**

15
       Come now plaintiffs and for Count III of their Complaint against defendants Pfizer,
16

17    Pharmacia, Monsanto, and Searle, allege:

18        45. Plaintiffs repeat and re-alleges the allegations of the prior paragraphs as if fully set forth

19    herein.

20
         46.     Pfizer, Pharmacia, Monsanto, and Searle designed, produced, manufactured and
21

22    injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug

23    Bextra (Valdecoxib) which it knew would be used by Plaintiffs and others.

24          47.     At the time the Bextra (Valdecoxib) was manufactured and sold to

25    Plaintiffs by Pfizer, Pharmacia, Monsanto, and Searle, it was defective in design and unreasonably

26
   dangerous, subjecting users to risks of heart attacks, strokes, blood clots, and other illnesses which
27

28

1   exceeded the benefits of the product, and for which other safer products were available.

2       48.    Alternatively, when the Bextra (Valdecoxib) product was manufactured and sold to

3
4   the Plaintiffs by Pfizer, Pharmacia, Monsanto, and Searle, the product was defective in design and

5   formulation, making use of the product more dangerous than other drugs for pain relief.

6       49.    The Bextra (Valdecoxib) sold to Plaintiffs reached the Plaintiffs without

7   substantial change. Plaintiffs were unaware of the dangerous propensities of the product until well

8
    after his use and subsequent stroke. Plaintiffs ingested the Bextra (Valdecoxib) without making any
9
    changes or alterations.
10

11      50.    In designing and manufacturing Bextra (Valdecoxib), Pfizer, Pharmacia, Monsanto,

12  and Searle failed to exercise the ordinary care that a careful and prudent drug manufacturer would

13  exercise in the same or similar circumstances.

14      51.    As a direct and proximate result of the negligent design of Bextra
15
    (Valdecoxib), Plaintiffs have been damaged.
16

17      52.    Pfizer, Pharmacia, Monsanto, and Searle conduct was done with conscious disregard

18  for the safety of users of Bextra (Valdecoxib), including Plaintiffs.

19                                    **COUNT IV**

20
                          **NEGLIGENT FAILURE TO WARN**
21

22      Come now plaintiffs and for Count IV of their Complaint against defendants Pfizer,

23  Pharmacia, Monsanto, and Searle, allege:

24      53. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth

25  herein.

26
        54.    Pfizer, Pharmacia, Monsanto, and Searle owed Plaintiffs a duty to warn of any
27

28

507851 / 005424                        11                              COMPLAINT

1  dangerous defects or side effects; a duty to assure its product did not cause users unreasonable and

2  dangerous risks, reactions, side effects; and a duty to provide adequate post market surveillance and

3  warnings as it learned of Bextra (Valdecoxib) substantial dangers.

4

5     55.    Pfizer, Pharmacia, Monsanto, and Searle breached its duty of reasonable care to

6  Plaintiffs in that Pfizer, Pharmacia, Monsanto, and Searle failed to:

7           a.    Conduct sufficient testing which, if properly performed, would

8      have shown that Bextra (Valdecoxib) had serious side effects, including heart

9      attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side
10
       effects, and warn users of those risks; and/or
11

12          b.    Include adequate warnings with Bextra (Valdecoxib) that would alert users to

13     the potential risks and serious side effects the drugs as well as the limited benefits

14     and the approved uses; and/or
15
            c.    Warn the Plaintiffs that use of Bextra (Valdecoxib) carried a risk of death or
16

17     permanent disability from heart attacks, strokes, blood clots, other cardiovascular

18     disorders and other serious side effects; and/or

19          d.    Advise the FDA, the health care industry, and the public about the adverse

20     reports it had received regarding Bextra (Valdecoxib); and/or
21
            e.    Provide Plaintiffs with other appropriate warnings, including
22

23     but not limited to that Bextra is not approved for acute pain, it had no proven

24     gastrointestinal-protective effects, it should not be used indefinitely, and patients had

25     to be adequately screened prior to taking Bextra.
26
       56.    Pfizer, Pharmacia, Monsanto, and Searle should have known that Bextra
27

28

507851 / 005424                              12                                    COMPLAINT

(Valdecoxib) caused unreasonably dangerous risks and serious side effects of which the general public would not be aware. Pfizer, Pharmacia, Monsanto, and Searle nevertheless advertised, marketed and promoted its product knowing there were safer methods and products for pain control.

57.     As a direct and proximate result of Pfizer, Pharmacia, Monsanto, and Searle's negligence and breach of its duty of reasonable care, Plaintiffs have been damaged.

## COUNT V

## FRAUDULENT CONCEALMENT

Come now plaintiffs and for Count V of his Complaint against defendants Pfizer, Pharmacia, Monsanto, and Searle, allege:

58. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

59.     Pfizer, Pharmacia, Monsanto, and Searle had actual knowledge of the cardiothrombotic effects of Bextra (Valdecoxib). Despite having knowledge of the cardiothrombotic effects of Bextra (Valdecoxib), Pfizer, Pharmacia, Monsanto, and Searle actively concealed and omitted to disclose those effects when marketing Bextra (Valdecoxib) to doctors, health care providers, and to the general public through direct advertisements.

60.     At the time these omissions were made, Pfizer, Pharmacia, Monsanto, and Searle had knowledge of the substantial and significant cardiothrombotic effects of Bextra (Valdecoxib).

61.     Pfizer, Pharmacia, Monsanto, and Searle omitted to inform Plaintiffs of the true cardiothrombotic and other adverse health effects of Bextra (Valdecoxib). Pfizer, Pharmacia, Monsanto, and Searle further downplayed the results of various studies showing the cardiothrombotic effects; it withheld adverse reports or gave incorrect information about the reports

1 it received about the side effects of Bextra (Valdecoxib) such as heart attacks and strokes.

2 62. Pfizer, Pharmacia, Monsanto, and Searle's failure to disclose material facts
3
4 constituted fraudulent concealment. Pfizer, Pharmacia, Monsanto, and Searle sanctioned approved
5 and/or participated in the failure to disclose.

6 63. Pfizer, Pharmacia, Monsanto, and Searle had a duty to speak because they had
7 superior knowledge regarding the adverse health effects of Bextra (Valdecoxib) as set forth herein.

8 64. The information not disclosed by Pfizer, Pharmacia, Monsanto, and Searle was
9
10 unavailable to Plaintiffs and/or their treating health care professionals. Pfizer, Pharmacia, Monsanto,
11 and Searle knew the information was unavailable yet approved and participated in instructing its
12 agents, servants and employees to not disclose the information in order to promote the sales of
13 Bextra (Valdecoxib) over other Cox 2 inhibitors as well as any non-steroidal anti-inflammatory such
14 as Ibuprofen and Naproxen.
15
16 65. Plaintiffs were diligent in attempting to seek the information by consulting with his
17 physicians.

18 66. The information not disclosed by Pfizer, Pharmacia, Monsanto, and Searle was not
19 within the reasonable reach of plaintiffs, and/or their treating physicians, in the exercise of
20 reasonable care.
21
22 67. The non-disclosed information was material, and Pfizer, Pharmacia, Monsanto, and
23 Searle knew they were not disclosing complete information and intended that plaintiffs and/or their
24 treating physicians act upon the non-disclosed information in the manner reasonably contemplated.
25 68. Plaintiffs and/or their treating physician were ignorant as to the undisclosed
26 information and had a right to rely on full disclosure.
27
28

507851 / 005424                              14                                    COMPLAINT

69.     If plaintiffs and/or their treating physicians had known the complete

information, they would not have prescribed and/or plaintiffs would not have taken Bextra

(Valdecoxib) as evidenced by Pfizer, Pharmacia, Monsanto, and Searle being required to include a

black label warning.

70.     Pfizer, Pharmacia, Monsanto, and Searle's non-disclosure of information was

outrageous due to their evil motive and reckless indifference to the rights of plaintiffs, justifying and

award of punitive damages.

### COUNT VI

### COMMON LAW FRAUD

Come now plaintiffs and for Count XVII of their Complaint against defendants Pfizer,

Pharmacia, Monsanto, and Searle and allege:

71.     Plaintiffs repeat and re-alleges the allegations of the prior paragraphs as if fully set

forth herein.

72.     Pfizer, Pharmacia, Monsanto, and Searle made false representations and omissions to

plaintiffs and other members of the public, including but not limited to, that Bextra (Valdecoxib)

was safe, had been adequately tested to determine safety, and did not present life-threatening

dangers.

73.     These representations and omissions, as set forth in the above paragraphs, were false.

The true facts were that Bextra (Valdecoxib) was not safe, had not been adequately tested, and had

dangerous and life-threatening side effects. When Pfizer, Pharmacia, Monsanto, and Searle made

the representations, it knew them to be false, and said representations were made by Pfizer,

Pharmacia, Monsanto, and Searle with the intent to deceive plaintiffs and/or his prescribing

1 physicians and with the intent to induce plaintiffs to use the Bextra (Valdecoxib) manufactured by

2 Pfizer, Pharmacia, Monsanto, and Searle.

3
4     74.     Plaintiffs and/or their physicians, reasonably relied upon false

5 representations and omissions; plaintiffs' physicians prescribed Bextra (Valdecoxib), and Plaintiffs

6 used Bextra (Valdecoxib). Plaintiffs would not have done so if he had known the true facts. In

7 using Bextra (Valdecoxib), plaintiffs exercised ordinary care.

8     75.     As a direct and proximate result of the aforesaid fraudulent conduct, Pfizer,
9
10 Pharmacia, Monsanto, and Searle caused plaintiffs to suffer the damages and injuries herein alleged.

11     76.     Pfizer, Pharmacia, Monsanto, and Searle's conduct was outrageous due to its evil

12 motive or reckless indifference to the rights of plaintiffs, justifying an award of punitive damages.

13 <center>**COUNT VII**</center>

14 <center>**BREACH OF IMPLIED WARRANTY**</center>
15
16     Come now plaintiffs and for Count VII of their Complaint against defendants

17 Pfizer, Pharmacia, Monsanto, and Searle, allege:

18     77.     Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set

19 forth herein.

20     78.     When Pfizer, Pharmacia, Monsanto, and Searle placed the Bextra (Valdecoxib) into
21
22 the stream of commerce, Pfizer, Pharmacia, Monsanto, and Searle knew of the use for which the

23 drug was intended and impliedly warranted to consumers including plaintiffs that the use of Bextra

24 (Valdecoxib) was a safe and acceptable means of relieving pain and impliedly warranted that the

25 product was of merchantable quality and safe for its intended use.
26

27

28

507851 / 005424           16           COMPLAINT

79. Plaintiffs relied upon Pfizer, Pharmacia, Monsanto, and Searle and its judgment when his purchased and utilized Bextra (Valdecoxib).

80. The Bextra (Valdecoxib) was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous and incapable of satisfying the ordinary purpose for which it was intended, and because it caused serious injury to plaintiffs.

81. As a direct and proximate result of the dangerous and defective condition of Bextra (Valdecoxib), plaintiff were injured, and he incurred economic damages in the form of medical expense.

82. Plaintiffs are entitled to recover from Pfizer, Pharmacia, Monsanto, and Searle for all damages caused by the defective product including, but not limited to, damages for pain, suffering, loss of the capacity to enjoy life, lost past and future income and incurred expense.

## COUNT VIII

## BREACH OF EXPRESS WARRANTY

Come now plaintiffs and for Count XVIII of their Complaint against defendants Pfizer, Pharmacia, Monsanto, and Searle and allege:

83. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

84. Pfizer, Pharmacia, Monsanto, and Searle expressly warranted to plaintiffs by statements made by Pfizer, Pharmacia, Monsanto, and Searle or its authorized agents, orally or in written publications, package labels, and/or inserts, that Bextra (Valdecoxib) was safe, effective, fit, and proper for its intended use. The express warranties include, but were not limited to:

507851 / 005424                    17                    COMPLAINT

a. Bextra (Valdecoxib) is used in adults for: a. for relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis: and

b. for the treatment of primary dysmenorrhea.

85. In utilizing Bextra (Valdecoxib), plaintiffs relied upon the skill, judgment, representations, and express warranties of Pfizer, Pharmacia, Monsanto, and Searle.

86. The express warranties and representations made by Pfizer, Pharmacia, Monsanto, and Searle were false in that Bextra (Valdecoxib) was not safe and was not fit for the use for which it was intended.

87. As a direct and proximate result of the dangerous and defective condition of Bextra (Valdecoxib), plaintiffs were injured, and they incurred economic damages in the form of medical expense.

88. Plaintiffs are entitled to recover from Pfizer, Pharmacia, Monsanto, and Searle for all damages caused by the defective product including, but not limited to, damages for pain, suffering, loss of the capacity to enjoy life, lost past and future income and incurred expense.

## COUNT IX

## NEGLIGENT MISREPRESENTATION

Come now plaintiffs and for Count IX of their Complaint against defendants Pfizer, Pharmacia, Monsanto, and Searle, allege:

89. Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

90. Pfizer, Pharmacia, Monsanto, and Searle knew, or should have known, that there were dangerous side effects resulting from the ingestion of Bextra (Valdecoxib).

91.     Pfizer, Pharmacia, Monsanto, and Searle knew or reasonably should have known that consumers such as plaintiffs would not have known about the increased risk of heart attack and strokes associated with the ingestion of Bextra (Valdecoxib).

92.     Pfizer, Pharmacia, Monsanto, and Searle armed with the knowledge stated in the preceding two paragraphs, proceeded with the design, production, manufacture, promotion, advertising, and sale of Bextra (Valdecoxib) without adequate warning of the side effects and dangerous risks to the consuming public including plaintiffs.

93.     Pfizer, Pharmacia, Monsanto, and Searle negligently represented to plaintiffs the safety and effectiveness of Bextra (Valdecoxib) and concealed material information, including adverse information regarding the safety and effectiveness of Bextra (Valdecoxib). The misrepresentations and/or material omissions made by or perpetuated by Pfizer, Pharmacia, Monsanto, and Searle are as follows, Pfizer, Pharmacia, Monsanto, and Searle failed to:

a.      Conduct sufficient testing which, if properly performed, would have shown that Bextra (Valdecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

b.      Include adequate warnings with Bextra (Valdecoxib) products that would alert users to the potential risks and serious side effects the drugs as well as the limited benefits and the approved uses; and/or

c.      Warn the plaintiffs that use of Bextra (Valdecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots, other cardiovascular disorders and other serious side effects; and/or

      d.      Advise the FDA, the health care industry, and the public about the adverse

reports it had received regarding Bextra (Valdecoxib); and/or

      e.      Provide plaintiffs with other appropriate warnings, including but not limited

to that Bextra is not approved for acute pain, it had no proven gastrointestinal-

protective effects, it should not be used indefinitely, and patients had to be

adequately screened prior to taking Bextra.

94.      Pfizer, Pharmacia, Monsanto, and Searle made the misrepresentations and omissions

with the intent for plaintiffs the consuming public to rely upon such information or the absence of

such information in selection of Bextra (Valdecoxib) as a treatment for pain relief.

95.      Plaintiffs justifiably relied on and/or was induced by the misrepresentations and/or

active concealment by Pfizer, Pharmacia, Monsanto, and Searle and he relied upon the absence of

safety information which Pfizer, Pharmacia, Monsanto, and Searle suppressed, concealed, or failed

to disclose all to plaintiffs' detriment.

96.      As a direct and proximate result of the dangerous and defective condition of Bextra

(Valdecoxib) plaintiffs were injured, and they incurred economic damages in the form of medical

expense.

97.      Plaintiffs are entitled to recover from Pfizer, Pharmacia, Monsanto, Searle for all

damages caused by the defective product including, but not limited to, damages for pain, suffering,

loss of the capacity to enjoy life, lost past and future income and occurred expense.

### COUNT X

### (Concert of Action)

Come now plaintiffs and for Count X of his Complaint against defendants Pfizer, Pharmacia, Monsanto, and Searle, allege:

98.     Plaintiffs repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

99.     Pfizer, Pharmacia, Monsanto, and Searle continued to profit from their scheme, concert of action by withholding information from plaintiffs, the consuming public, the FDA, and/or the health care industry.

100.    Defendants Pfizer, Pharmacia, Monsanto, and Searle acted in concert of action to promote the use of Bextra to individual doctors, hospitals and/or to the general public, knowingly misrepresenting Bextra as safe. In doing so, they engaged in tortious conduct by failing to disclose and/or affirmatively misrepresenting the safety of Bextra with regard to heart attacks, strokes, and other cardiovascular events in order to obtain the the FDA approval of Bextra and/or to promote the sale and distribution of Bextra to individuals including the plaintiffs herein, acting in concert of action with each other. These actions included providing samples to doctors and hospitals, entering into formulary agreements, etc., and/or providing misleading and false material representations and omitting to disclose material facts as alleged herein.

101.    Defendants Pfizer, Pharmacia, Monsanto, and Searle actively pursued a common plan or scheme to design, promote, advertise, distribute and sell Bextra for their individual financial gain and benefit by willfully and fraudulently misrepresenting and/or concealing and/or intentionally failing to disclose material facts to the FDA, plaintiffs, plaintiffs' treating physicians, health care providers and/or to the general public about the risks and dangers of Bextra.

507851 / 005424                                    21                                    COMPLAINT

102. Defendants Pfizer, Pharmacia, Monsanto, and Searle advanced this common intent, plan, scheme and purpose by: (1) failing to inform plaintiffs, plaintiffs' treating physicians, health care providers, the FDA and/or the general public, of the true cardiothrombotic and other adverse health effects of Bextra; and/or (2) intentionally downplaying, misinterpreting, and/or engaging in the intentional omissions of information regarding the results of various studies showing the cardiothrombotic effects and explaining the cardiothrombotic effects of Bextra; and that the FDA did not approve it for treatment of acute pain based on its preapproved submissions to the FDA; and/or (3) withholding adverse reports and/or giving incorrect information about the reports they received about the side effects of Bextra such as heart attacks, strokes and blood clots to plaintiffs and plaintiffs' treating physicians, health care providers, the FDA, and the general public; and/or (4) engaging in a pattern and conduct of actively misrepresenting,

concealing, and or omitting to disclose these effects when marketing and promoting Bextra through direct to consumer advertising and marketing to plaintiffs, plaintiffs' treating physicians, health care providers and/or the general public.

103. Defendants Pfizer, Pharmacia, Monsanto, and Searle's misrepresentations of material facts as described herein constituted fraudulent concealment in furtherance of the concert of action.

104. Each of the defendants Pfizer, Pharmacia, Monsanto, and Searle sanctioned, approved and/or participated in misrepresenting material facts to the FDA, plaintiffs and/or to plaintiffs' treating physicians and health care providers and/or failed to disclose/omitted material facts to the FDA plaintiffs, plaintiffs' treating physicians and health care providers and to the general public in connection with the common purpose or scheme to promote, advertise, distribute and profit, each of them, from the sale of Bextra to plaintiffs' and the general public.

105. Each of the defendants Pfizer, Pharmacia, Monsanto, and Searle knew their conduct, as described above, as well as the conduct of all of the defendants, jointly and severely, constituted a breach of duty owed plaintiffs, yet gave substantial assistance and/or encouragement to the others to carry out defendants' common plan or scheme, and/or to promote, advertise, distribute and profit from the sale of Bextra to plaintiffs and the general public, which in turn was a substantial factor in causing or contributing to cause plaintiffs' personal injuries and actual damages in an amount to be proved at trial.

106. Defendants Pfizer, Pharmacia, Monsanto, and Searle's conduct, as described herein, knowing of the dangers and risks of Bextra, yet fraudulently concealing and/or omitting to tell the FDA plaintiffs and/or plaintiffs' treating physicians of these material facts, in furtherance of their concert of action was outrageous because of defendants' evil motive or a reckless indifference to the safety of users of Bextra, including plaintiffs.

## COUNT XI

### (Conspiracy)

Comes now plaintiffs, and for Count XI of their Complaint against defendants Pfizer, Pharmacia, Monsanto, and Searle state the following:

107. Plaintiffs reallege the allegations in the preceding paragraphs as if fully set forth herein. Plaintiffs further allege that all wrongdoing alleged in the preceding counts was done in conspiracy with defendants Pfizer, Pharmacia, Monsanto, and Searle, and that each defendant did acts in furtherance of the conspiracy alleged herein.

108. Defendants Pfizer, Pharmacia, Monsanto, and Searle, each of them, reached a meeting of the minds regarding the common plan or scheme and actively pursued a common plan or scheme

23 COMPLAINT

to design, promote, advertise, distribute and sell Bextra for their individual financial gains and benefit by willfully and fraudulently misrepresenting and/or concealing and/or intentionally failing to disclose material facts to plaintiffs, plaintiffs' treating physicians, health care providers and to the general public about the risks and dangers of Bextra.

109. Defendants Pfizer, Pharmacia, Monsanto, and Searle , and each of them, in one or more of the following ways, advanced this common intent, plan, scheme and purpose by: (1) failing to inform plaintiffs, plaintiffs' treating physicians, health care providers, the FDA and/or the general public, of the true cardiothrombotic and other adverse health effects of Bextra; and/or (2) intentionally downplaying, misinterpreting, and/or engaging in the intentional omissions of information regarding the results of various studies showing the cardiothrombotic effects and explaining the cardiothrombotic effects of Bextra; and that the FDA did not approve it for treatment of acute pain based on its preapproved submissions to the FDA; and/or (3) withholding adverse reports and/or giving incorrect information about the reports they received about the side effects of Bextra such as heart attacks, strokes and blood clots to plaintiffs and plaintiffs' treating physicians, health care providers, the FDA, and the general public; and/or (4) engaging in a pattern and conduct of actively misrepresenting, concealing, and or omitting to disclose these effects when marketing and promoting Bextra through direct to consumer advertising and marketing to plaintiffs, plaintiffs' treating physicians, health care providers and/or the general public.

110. Defendants Pfizer, Pharmacia, Monsanto, and Searle's misrepresentations of material fact as described herein, constituted fraudulent misrepresentations and defendants Pfizer, Pharmacia, Monsanto, and Searle failure to disclose material facts, as further described herein,

constituted fraudulent concealment in furtherance of the conspiracy which occurred in part, in the City of St. Louis, State of Missouri.

111. Each of the defendants Pfizer, Pharmacia, Monsanto, and Searle participated in misrepresenting material facts to plaintiffs and/or to plaintiffs' treating physicians and health care providers and/or failed to disclose/omitted material facts to plaintiffs, plaintiffs' treating physicians and health care providers and to the general public in connection with the common purpose or scheme to promote, advertise, distribute, and each of them profit from the sale of Bextra to plaintiffs and to the general public.

112. As a result of the conspiracy of the defendants Pfizer, Pharmacia, Monsanto, and Searle, as described above, plaintiffs' sustained personal injuries and actual monetary damages in an amount to be proved at trial.

113. Defendants Pfizer, Pharmacia, Monsanto, and Searle's conduct, as described herein, knowing of the dangers and risks of Bextra, yet fraudulently misrepresenting and/or concealing and/or omitting to tell plaintiffs and/or plaintiffs' treating physicians of these material facts, was outrageous because of defendants' evil motive or reckless indifference to the safety of users of Bextra, including plaintiffs.

WHEREFORE, each plaintiff demands judgments in their favor against defendants Pharmacia, Searle, Monsanto and Pfizer, jointly, severally and for common liability for:

A. A fair and just amount of actual damages in an amount to be proved at trial;

B. Costs of suit;

C. Pre-judgment and post-judgment interest;

25

1      D. Punitive damages in a fair and reasonable amount to punish and deter defendants and

2  others from engaging in the wrongful conduct; and

3

4      E. Such other and further relief as the Court deems just and proper under the circumstances.

5                      JEFFREY J. LOWE, PC

6

7            By:

8                   Jeffrey J. Lowe
                 Francis J. "Casey" Flynn

9                   Attorney for Plaintiff
                 8235 Forsyth, Suite 1100

10                  St. Louis, Missouri 63105
                 (314) 678-3400

11                  Fax: (314) 678-3401

12

13                  John Carey
                 Joseph P. Danis

14                  CAREY & DANIS, LLC
                 8235 Forsyth Boulevard, Suite 1100

15                  St. Louis MO 63105
                 Telephone: 314-725-7700

16                  Facsimile: 314-721-0905

17

18                  T. Evan Schaeffer
                 Andrea B. Lamere

19                  SCHAEFFER & LAMERE, P.C.
                 5512 Godfrey Road

20                  Highway 67, Suite B

21                  Godfrey, IL 62035
                 618-467-8200

22

23                  Evan Buxner
                 Walther Glenn Law Offices

24                  10 S. Brentwood Blvd., Suite 102

25                  St. Louis, MO 63105
                 314-725-9595

26                  Fax: 314-725-9597

27

28

507851 / 005424         26         COMPLAINT