1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com

9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com

13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC

15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                       SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX MARKETING,  )   MDL Docket No. 1699
    SALES PRACTICES AND PRODUCTS          )
20  LIABILITY LITIGATION                  )   CASE NO. 3:07-cv-5283-CRB
                                          )
21  This document relates to              )
                                          )   PFIZER INC., PHARMACIA
22  PAT LANZA, et al.,                    )   CORPORATION, AND G.D.
                                          )   SEARLE LLC'S ANSWER TO
                                          )   COMPLAINT
23              Plaintiffs,               )
                                          )   JURY DEMAND ENDORSED
24       vs.                              )   HEREIN
                                          )
25  PFIZER, INC., PHARMACIA CORPORATION,  )
    G.D. SEARLE LLC, and MONSANTO         )
26  COMPANY,                              )
                                          )
27              Defendants.               )
                                          )

28

*(left margin, vertical text)* Gordon & Rees, LLP  275 Battery Street, Suite 2000  San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation (formerly

2    known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle"),

3    (collectively "Defendants") and file this Answer to Plaintiffs' Complaint ("Complaint"), and

4    would respectfully show the Court as follows:

### I.

### PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or

used Bextra® (valdecoxib) ("Bextra®").    Accordingly, this Answer can only be drafted

generally.    Defendants may seek leave to amend this Answer when discovery reveals the

specific time periods in which Plaintiffs were prescribed and used Bextra®.

### II.

### ANSWER

1.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship,

Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the

same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

allegations in this paragraph of the Complaint.

2.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship,

Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the

same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining

allegations in this paragraph of the Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendants.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS' COMPLAINT at ¶ 18, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

7.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the

same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship, Plaintiff's medical condition, and whether Plaintiff used Bextra®, and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage and deny the remaining allegations in this paragraph of the Complaint.

15.     Defendants admit that Pfizer is a Delaware corporation.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois**.**  Defendants admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants admit that Pharmacia is a Delaware corporation.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is a

2    corporation existing under the laws of the state of Delaware, having its principal place of

3    business in the State of Missouri. The 2000 Monsanto is engaged in the agricultural business

4    and does not and has not ever designed, produced, manufactured, sold, resold, or distributed

5    Bextra®. As the 2000 Monsanto does not and has not ever designed, produced, manufactured,

6    sold, resold, or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a

7    proper party in this matter and its presence does not defeat diversity jurisdiction. Defendants

8    deny the remaining allegations in this paragraph of the Complaint. Defendants state that the

9    response to this paragraph of the Complaint regarding Monsanto is incorporated by reference

10    into Defendants' responses to each and every paragraph of the Complaint referring to

11    Monsanto and/or Defendants.

12    19.    Defendants state that Bextra® was and is safe and effective when used in accordance

13    with its FDA-approved prescribing information. Defendants state that the potential effects of

14    Bextra® were and are adequately described in its FDA-approved prescribing information,

15    which at all times was adequate and comported with applicable standards of care and law.

16    Defendants admit that, as indicated in the package insert approved by the FDA, Bextra® is

17    indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

18    arthritis, as well as for the treatment of primary dysmenorrhea. Defendants admit that, during

19    certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United

20    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

21    accordance with their approval by the FDA. Defendants admit that, during certain periods of

22    time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

23    co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

24    providers who are by law authorized to prescribe drugs in accordance with their approval by

25    the FDA. Defendants deny any wrongful conduct and deny the remaining allegations in this

26    paragraph of the Complaint.

27    20.    Defendants state that Bextra® was and is safe and effective when used in accordance

28    with its FDA-approved prescribing information. Defendants state that the potential effects of

1   Bextra® were and are adequately described in its FDA-approved prescribing information,

2   which at all times was adequate and comported with applicable standards of care and law.

3   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

4   caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

5   Complaint.

6   **Response to Allegations Regarding Background**

7   21.     Defendants admit, as indicated in the package insert approved by the FDA, that

8   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

9   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants admit

10  that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra®

11  in the United States to be prescribed by healthcare providers who are by law authorized to

12  prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during

13  certain periods of time, Bextra® was manufactured and packaged for Searle, which developed,

14  tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by

15  healthcare providers who are by law authorized to prescribe drugs in accordance with their

16  approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the

17  Complaint.

18  22.     Defendants have insufficient knowledge or information to form a belief as to the truth

19  of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20  Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time,

21  Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

22  by healthcare providers who are by law authorized to prescribe drugs in accordance with their

23  approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

24  manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

25  distributed Bextra® in the United States to be prescribed by healthcare providers who are by

26  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27  deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    23.    Defendants deny that Bextra® caused Plaintiffs injury or damage and deny the

2    remaining allegations in this paragraph of the Complaint.

3    24.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who

5    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

6    Defendants admit that, during certain periods of time, Bextra® was manufactured and

7    packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

8    in the United States to be prescribed by healthcare providers who are by law authorized to

9    prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining

10   allegations in this paragraph of the Complaint.

11                **Response to Allegations Regarding Jurisdiction and Venue**

12   25.    Defendants are without knowledge or information to form a belief as to the truth of the

13   allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

14   in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

15   that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

16   interests and costs.

17   26.    Defendants state that this paragraph of the Complaint contains legal contentions to

18   which no response is required.  To the extent that a response is deemed required, Defendants

19   state that Bextra® was and is safe and effective when used in accordance with its FDA-

20   approved prescribing information.  Defendants state that the potential effects of Bextra® were

21   and are adequately described in its FDA-approved prescribing information, which was at all

22   times adequate and comported with applicable standards of care and law.  Defendants deny any

23   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

24            **Response to First Cause of Action: Strict Products Liability/Defective Design**

25   27.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

26   Complaint as if fully set forth herein.

27   28.    Defendants are without knowledge or information sufficient to form a belief as to the

28   truth of the allegations regarding whether Plaintiffs used Bextra®, and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-5283-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

2    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who

3    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

4    Defendants admit that, during certain periods of time, Bextra® was manufactured and

5    packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra®

6    in the United States to be prescribed by healthcare providers who are by law authorized to

7    prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining

8    allegations in this paragraph of the Complaint.

9    29.    Defendants are without knowledge or information sufficient to form a belief as to the

10   truth of the allegations regarding whether Plaintiffs used Bextra®, and, therefore, deny the

11   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

12   with its FDA-approved prescribing information.  Defendants state that the potential effects of

13   Bextra® were and are adequately described in its FDA-approved prescribing information,

14   which was at all times adequate and comported with applicable standards of care and law.

15   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

16   (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and

17   adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants

18   deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and

19   deny the remaining allegations in this paragraph of the Complaint.

20   30.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

22   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

23   effective when used in accordance with its FDA-approved prescribing information.

24   Defendants state that the potential effects of Bextra® were and are adequately described in its

25   FDA-approved prescribing information, which was at all times adequate and comported with

26   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

27   Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

28

1    31.    Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

3    Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

4    paragraph of the Complaint.

5    32.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

7    Bextra®, and, therefore, deny the same.  Defendants state that, in the ordinary case, Bextra®

8    was expected to reach users and consumers without substantial change from the time of sale.

9    Defendants state that Bextra® was and is safe and effective when used in accordance with its

10   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

11   were and are adequately described in its FDA-approved prescribing information, which was at

12   all times adequate and comported with applicable standards of care and law.  Defendants deny

13   the remaining allegations in this paragraph of the Complaint.

14   33.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or

19   damage, and deny the remaining allegations in this paragraph of the Complaint.

20   34.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21   damage, and deny the allegations in this paragraph of the Complaint.

22          **Response to Second Cause of Action: Strict Products Liability/Failure to Warn**

23   35.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

24   Complaint as if fully set forth herein.

25   36.    Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    37.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5    Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.

7    Defendants state that the potential effects of Bextra® were and are adequately described in its

8    FDA-approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants any wrongful conduct, deny that Bextra® is

10   defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of

11   the Complaint.

12   38.    Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17   the Complaint.

18   39.    Defendants deny the allegations in this paragraph of the Complaint.

19   40.    Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Bextra® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

24   the Complaint.

25   41.    Defendants state that Bextra® was and is safe and effective when used in accordance

26   with its FDA-approved prescribing information.  Defendants state that the potential effects of

27   Bextra® were and are adequately described in its FDA-approved prescribing information,

28   which was at all times adequate and comported with applicable standards of care and law.

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint.

3    42.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5    Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

6    paragraph of the Complaint.

7    43.    Defendants state that Bextra® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Bextra® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

12   and deny the remaining allegations in this paragraph of the Complaint.

13   44.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

14   damage, and deny the remaining allegations in this paragraph of the Complaint.

15              **Response to Third Cause of Action: Negligent Design**

16   45.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

17   Complaint as if fully set forth herein.

18   46.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

20   Bextra®, and, therefore, deny the same.  Defendants admit that, during certain periods of time,

21   Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

22   by healthcare providers who are by law authorized to prescribe drugs in accordance with their

23   approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

24   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

25   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

26   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27   deny the remaining allegations in this paragraph of the Complaint.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

47.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny the allegations in this paragraph of the Complaint.

51.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**<u>Response to Fourth Cause of Action: Negligent Failure to Warn</u>**

53.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

54.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Response to Fifth Cause of Action: Fraudulent Concealment**

2    58.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    59.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10    60.    Defendants state that Bextra® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants state that the potential effects of

12    Bextra® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15    the Complaint.

16    61.    Defendants state that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendants state that the potential effects of

18    Bextra® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21    the Complaint.

22    62.    Defendants state that Bextra® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendants state that the potential effects of

24    Bextra® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27    the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

63.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached any such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

64.     Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

66.     Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

67.     Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that the Bextra® label speaks for itself and respectfully refer the Court to the label for its actual language and text.  Any attempt

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    to characterize the label is denied.  Defendants state that the potential effects of Bextra® were

2    and are adequately described in its FDA-approved prescribing information, which was at all

3    times adequate and comported with applicable standards of care and law.  Defendants deny any

4    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

5    70.    Defendants deny concealing any information, deny any wrongful conduct, deny that

6    Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this

7    paragraph of the Complaint.

8                **Response to Sixth Cause of Action: Common Law Fraud**

9    71.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

10    Complaint as if fully set forth herein.

11    72.    Defendants state that Bextra® was and is safe and effective when used in accordance

12    with its FDA-approved prescribing information.  Defendants state that the potential effects of

13    Bextra® were and are adequately described in its FDA-approved prescribing information,

14    which was at all times adequate and comported with applicable standards of care and law.

15    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16    the Complaint.

17    73.    Defendants state that Bextra® was and is safe and effective when used in accordance

18    with its FDA-approved prescribing information.  Defendants state that the potential effects of

19    Bextra® were and are adequately described in its FDA-approved prescribing information,

20    which was at all times adequate and comported with applicable standards of care and law.

21    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22    the Complaint.

23    74.    Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

25    Bextra®, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the

26    remaining allegations in this paragraph of the Complaint.

27    75.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

28    damage, and deny the remaining allegations in this paragraph of the Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1   76.     Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

2   damage, and deny the remaining allegations in this paragraph of the Complaint.

3              **Response to Seventh Cause of Action: Breach of Implied Warranty**

4   77.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

5   Complaint as if fully set forth herein.

6   78.     Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

8   Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and

9   effective when used in accordance with its FDA-approved prescribing information.

10  Defendants state that the potential effects of Bextra® were and are adequately described in its

11  FDA-approved prescribing information, which was at all times adequate and comported with

12  applicable standards of care and law.   Defendants admit that they provided FDA-approved

13  prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this

14  paragraph of the Complaint.

15  79.     Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

17  Bextra®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

18  paragraph of the Complaint.

19  80.     Defendants state that Bextra® was and is safe and effective when used in accordance

20  with its FDA-approved prescribing information.  Defendants state that the potential effects of

21  Bextra® were and are adequately described in its FDA-approved prescribing information,

22  which was at all times adequate and comported with applicable standards of care and law.

23  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

24  and deny the remaining allegations in this paragraph of the Complaint.

25  81.     Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury

26  or damage, and deny the remaining allegations in this paragraph of the Complaint.

27  82.     Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury

28  or damage, and deny the remaining allegations in this paragraph of the Complaint.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

## Response to Eighth Cause of Action: Breach of Express Warranty

83.     Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

84.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants any wrongful conduct, deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1    **<u>Response to Ninth Cause of Action: Negligent Misrepresentation</u>**

2    89.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

3    Complaint as if fully set forth herein.

4    90.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10   91.    Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

12   Bextra®, and, therefore, deny same.  Defendants state that Bextra® was and is safe and

13   effective when used in accordance with its FDA-approved prescribing information.

14   Defendants state that the potential effects of Bextra® were and are adequately described in its

15   FDA-approved prescribing information, which was at all times adequate and comported with

16   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

17   remaining allegations in this paragraph of the Complaint.

18   92.    Defendants state that Bextra® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Bextra® were and are adequately described in its FDA-approved prescribing information,

21   which was at all times adequate and comported with applicable standards of care and law.

22   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23   the Complaint.

24   93.    Defendants state that Bextra® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Bextra® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28



Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-20-

1    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2    the Complaint, including all subparts.

3    94.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used

5    Bextra®, and, therefore, deny same.  Defendants state that the potential effects of Bextra®

6    were and are adequately described in its FDA-approved prescribing information, which was at

7    all times adequate and comported with applicable standards of care and law.  Defendants any

8    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

9    95.    Defendants state that Bextra® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Bextra® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

14   the Complaint.

15   96.    Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury

16   or damage, and deny the remaining allegations in this paragraph of the Complaint.

17   97.    Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury

18   or damage, and deny the remaining allegations in this paragraph of the Complaint.

19                **Response to Tenth Cause of Action: Concert of Action**

20   98.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

21   Complaint as if fully set forth herein.

22   99.    Defendants state that the potential effects of Bextra® were and are adequately

23   described in its FDA-approved prescribing information, which was at all times adequate and

24   comported with applicable standards of care and law.  Defendants deny any wrongful conduct

25   and deny the remaining allegations in this paragraph of the Complaint.

26   100.   Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

-21-
ANSWER TO COMPLAINT – 3:07-cv-5283-CRB

1    which at all times was adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint.

4    101.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which at all times was adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10    102.    Defendants state that Bextra® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants state that the potential effects of

12    Bextra® were and are adequately described in its FDA-approved prescribing information,

13    which at all times was adequate and comported with applicable standards of care and law.

14    Defendants deny any wrongful conduct deny the remaining allegations in this paragraph of the

15    Complaint, including all subparts.

16    103.    Defendants state that the potential effects of Bextra® were and are adequately

17    described in its FDA-approved prescribing information, which was at all times adequate and

18    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

19    and deny the remaining allegations in this paragraph of the Complaint.

20    104.    Defendants state that the potential effects of Bextra® were and are adequately

21    described in its FDA-approved prescribing information, which was at all times adequate and

22    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

23    and deny the remaining allegations in this paragraph of the Complaint.

24    105.    Defendants state that the potential effects of Bextra® were and are adequately

25    described in its FDA-approved prescribing information, which was at all times adequate and

26    comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

27    deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in

28    this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

106.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs used Bextra®, and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Eleventh Cause of Action: Conspiracy

107.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

110.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-23-
ANSWER TO COMPLAINT – 3:07-cv-5283-CRB

1   which at all times was adequate and comported with applicable standards of care and law.

2   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3   the Complaint.

4   111.    Defendants state that Bextra® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Bextra® were and are adequately described in its FDA-approved prescribing information,

7   which at all times was adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9   the Complaint.

10  112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

11  damage, and deny the remaining allegations in this paragraph of the Complaint.

12  113.    Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information.  Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which at all times was adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18      Defendants deny the allegations set forth in the unnumbered paragraph following

19  paragraph 113 of the Complaint, including all subparts.

20                                  **III.**

21                          **GENERAL DENIAL**

22      Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

23  Complaint that have not been previously admitted, denied, or explained.

24                                  **IV.**

25                        **AFFIRMATIVE DEFENSES**

26      Defendants reserve the right to rely upon any of the following or additional defenses to

27  claims asserted by Plaintiffs to the extent that such defenses are supported by information

28  developed through discovery or evidence at trial.  Defendants affirmatively show that:

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**First Defense**

1.    The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.    Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

### Eleventh Defense

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

### Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the

occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.     Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.     Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Seventeenth Defense**

17.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.     Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

2    and Plaintiffs' causes of action are preempted.

3                                **Twenty-third Defense**

4    23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

5    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

6    issue under applicable federal laws, regulations, and rules.

7                                **Twenty-fourth Defense**

8    24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

9    action concerning matters regulated by the Food and Drug Administration under applicable

10   federal laws, regulations, and rules.

11                               **Twenty-fifth Defense**

12   25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

13   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

14   of Comment j to Section 402A of the Restatement (Second) of Torts.

15                               **Twenty-sixth Defense**

16   26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

17   because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

18   Restatement (Second) of Torts § 402A, Comment k.

19                               **Twenty-seventh Defense**

20   27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

21   product at issue "provides net benefits for a class of patients" within the meaning of Comment

22   f to § 6 of the Restatement (Third) of Torts: Products Liability.

23                               **Twenty-eighth Defense**

24   28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

25   Products Liability.

26                               **Twenty-ninth Defense**

27   29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to

28   plead facts sufficient under the law to justify an award of punitive damages.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirtieth Defense**

30.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitutions of Alabama, Florida, Georgia, Louisiana, New Jersey, Mississippi, Ohio, Indiana, Massachusetts, and Washington, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.     Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.     Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution and the Constitutions of the States of Alabama, Florida, Georgia, Louisiana, Mississippi, Washington, New Jersey, Ohio, Indiana, Massachusetts, and California.

**Thirty-seventh Defense**

37.     Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

1   labeling with respect to the subject pharmaceutical products were not false or misleading and,

2   therefore, constitute protected commercial speech under the applicable provisions of the United

3   States Constitution.

4                              **Thirty-eighth Defense**

5   38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

6   caused injuries asserted in the Complaint, punitive damages are barred or reduced by

7   applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the

8   due process protections afforded by the United States Constitution, the excessive fines clause

9   of the Eighth Amendment of the United States Constitution, the Commerce Clause of the

10  United States Constitution, and the Full Faith and Credit Clause of the United States

11  Constitution and the Constitutions of the States of Alabama, Florida, Georgia, Louisiana,

12  Mississippi, Washington, New Jersey, Ohio, Indiana, Massachusetts, and California.  Any law,

13  statute, or other authority purporting to permit the recovery of punitive damages in this case is

14  unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

15  constitutionally sufficient standards to guide and restrain the jury's discretion in determining

16  whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

17  it failed to provide adequate advance notice as to what conduct will result in punitive damages;

18  (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied

19  with applicable law, or conduct that was not directed, or did not proximately cause harm, to

20  Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable

21  and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of

22  compensatory damages, if any; (5) permits jury consideration of net worth or other financial

23  information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied

24  by the trial court in post-verdict review of any punitive damages awards; (7) lacks

25  constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

26  otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

27  *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance*

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   *Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

2   (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

4   39.     The methods, standards, and techniques utilized with respect to the manufacture,

5   design, and marketing of Bextra®, if any, used in this case, included adequate warnings and

6   instructions with respect to the product's use in the package insert and other literature, and

7   conformed to the generally recognized, reasonably available, and reliable state of the

8   knowledge at the time the product was marketed.

### Fortieth Defense

10  40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested,

11  manufactured and labeled in accordance with the state-of-the-art industry standards existing at

12  the time of the sale.

### Forty-first Defense

14  41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

15  information and belief, such injuries and losses were caused by the actions of persons not

16  having real or apparent authority to take said actions on behalf of Defendants and over whom

17  Defendants had no control and for whom Defendants may not be held accountable.

### Forty-second Defense

19  42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

20  was not unreasonably dangerous or defective, was suitable for the purpose for which it was

21  intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

23  43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

24  waiver, and/or estoppel.

### Forty-fourth Defense

26  44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

27  pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

28  illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

1    independent of or far removed from Defendants' conduct.

2    **Forty-fifth Defense**

3    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

4    did not proximately cause injuries or damages to Plaintiffs.

5    **Forty-sixth Defense**

6    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

7    did not incur any ascertainable loss as a result of Defendants' conduct.

8    **Forty-seventh Defense**

9    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

10    manufacturing, labeling, packaging, and any advertising of the product complied with the

11    applicable codes, standards and regulations established, adopted, promulgated or approved by

12    any applicable regulatory body, including but not limited to the United States, any state, and

13    any agency thereof.

14    **Forty-eighth Defense**

15    48.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the

16    product labeling contained the information that Plaintiffs contend should have been provided.

17    **Forty-ninth Defense**

18    49.    The claims asserted in the Complaint are barred because the utility of Bextra®

19    outweighed its risks.

20    **Fiftieth Defense**

21    50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

22    collateral sources.

23    **Fifty-first Defense**

24    51.    Defendants' liability, if any, can only be determined after the percentages of

25    responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

26    any, are determined.   Defendants seek an adjudication of the percentage of fault of the

27    claimants and each and every other person whose fault could have contributed to the alleged

28    injuries and damages, if any, of Plaintiffs.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fifty-second Defense

2    52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

3  common law gives deference to discretionary actions by the United States Food and Drug

4  Administration under the Federal Food, Drug, and Cosmetic Act.

5

### Fifty-third Defense

6    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

7  is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

8  ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs'

9  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

10  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

11  and with the specific determinations by FDA specifying the language that should be used in the

12  labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

13  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

14  United States.

15

### Fifty-fourth Defense

16    54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

17  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

18

### Fifty-fifth Defense

19    55.    Defendants state on information and belief that the Complaint and each purported cause

20  of action contained therein is barred by the statutes of limitations contained in California Code

21  of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

22  as may apply.

23

### Fifty-sixth Defense

24    56.    Defendants state on information and belief that any injuries, losses, or damages

25  suffered by Plaintiffs were proximately caused, in whole or in part, by the negligence or other

26  actionable conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery

27  against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Fifty-seventh Defense

2    57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

3    Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

4    Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

5    damages is also barred under California Civil Code § 3294(b).

6

### Fifty-eighth Defense

7    58.    The imposition of punitive damages pursuant to current Alabama law violates the Due

8    Process and Equal Protection provisions of the Fourteenth Amendment to the United States

9    Constitution; to wit, Defendants have not been given fair notice of the standard of conduct

10   which could subject them to a claim for punitive damages, and have not been given fair notice

11   of the amount of punitive damages that may accompany a finding of liability.  Alabama's

12   current laws regarding punitive damages do not serve a rational or legitimate state interest.

13

### Fifty-ninth Defense

14   59.    Defendants assert all affirmative defenses applicable under the Louisiana Products

15   Liability Act, La. Rev. State. § 9:2800.51, et seq.

16

### Sixtieth Defense

17   60.    Plaintiffs' claims are barred and/or limited by the provisions of the Louisiana Products

18   Liability Act, La. Rev. Stat. § 9:2800.51, et. seq.

19

### Sixty-first Defense

20   61.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by

21   Rule 1.120 of the Florida Rules of Civil Procedure.

22

### Sixty-second Defense

23   62.    Plaintiffs' claims are barred because Bextra® was designed, manufactured, and

24   marketed in accordance with the state of the art at the time of manufacture per section

25   768.1257, Florida Statutes.

26

### Sixty-third Defense

27   63.    Bextra® is not defective or unreasonably dangerous, and Defendants are not liable

28   because, at the time of sale or distribution of the Bextra® alleged to have been used by

1  Plaintiffs, Defendants had complied with applicable regulations of the federal Food & Drug

2  Administration and are entitled to application of section 768.1256, Florida Statutes.

3  **Sixty-fourth Defense**

4  64.    Plaintiffs' injuries and damages, if any, were proximately caused by the negligence or

5  fault of Plaintiff, or persons or parties whose identities are unknown at this time, and such

6  comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs'

7  recovery.  Thus, Defendants are entitled to have their liability to the Plaintiffs, if any, reduced

8  as a result of the negligence or fault of said persons or entities, pursuant to the provisions of

9  section 768.81, Florida Statutes.  To the extent any recovery is permitted in this case, pursuant

10  to sections 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of

11  Defendants' percentage of fault, taking into account the percentage of fault attributable to all

12  other persons, whether or not a party hereto, and not on the basis of joint and several liability.

13  The persons or entities referred to in this paragraph that are presently unknown to Defendants

14  will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262

15  (Fla. 1996).

16  **Sixty-fifth Defense**

17  65.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade

18  Practices Act ("FDUTPA").

19  **Sixty-sixth Defense**

20  66.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs'

21  FDUTPA claim is improper and should be dismissed.

22  **Sixty-seventh Defense**

23  67.    The acts or practices of which Plaintiffs complain were and are required or specifically

24  permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state

25  a claim, and should be dismissed with prejudice.

26  **Sixty-eighth Defense**

27  68.    Plaintiffs lack standing because the answering Defendants did not engage in deceptive

28  conduct with regard to Plaintiffs or otherwise.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

**Sixty-ninth Defense**

69.     To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs' claims are barred because Defendants did not make or breach any express or implied warranties, Plaintiffs failed to give reasonable notice to Defendants of any alleged breach or breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

**Seventieth Defense**

70.     Any verdict or judgment rendered against Defendants must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiffs may have settled his claims for alleged injuries and damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs and any such parties.

**Seventy-first Defense**

71.     Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damage awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper* Industries*, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi Constitution, statutes, and decisions of Mississippi courts.

**Seventy-second Defense**

72.     Defendants assert that Plaintiffs' claim for punitive damages is governed and limited by Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the same.

**Seventy-third Defense**

73.     Bextra® and the Defendants' actions conformed to the state of the art medical and scientific knowledge at all times relevant to this lawsuit and Bextra® complied with applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  product safety statutes and regulations as described in Restatement (Third) of Torts: Products

2  Liability § 4.

3  **Seventy-fourth Defense**

4  74.      Defendants satisfied their duty to ward under the learned intermediary doctrine and

5  Plaintiffs' claims are therefore barred.

6  **Seventy-fifth Defense**

7  75.      Answering Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-

8  63 and hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

9  **Seventy-sixth Defense**

10  76.      Plaintiffs failed to join all indispensable parties; as a result of such failure to join,

11  complete relief cannot be accorded to those already parties to the action and will result in

12  prejudice to Defendants in any possible future litigation.

13  **Seventy-seventh Defense**

14  77.      Any judicially-created definitions of manufacturing defect and design defect, and

15  standards for determining whether there has been an actionable failure to ward, are

16  unconstitutional in that, among other things, they are void for vagueness and undue burden on

17  interstate commerce, as well as an impermissible effort to regulate in an area that previously

18  has been preempted by the federal government.

19  **Seventy-eighth Defense**

20  78.      Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

21  products at issue "provides net benefits for a class of patients" within the meaning of Comment

22  f to § 6 of the Restatement (Third) of Torts: Products Liability.

23  **Seventy-ninth Defense**

24  79.      To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

25  Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any

26  award of punitive damages is barred.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Eightieth Defense**

80.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims.

**Eighty-first Defense**

81.    Defendants plead the applicability of the Washington Products Liability Act, RCW 7.72 et seq., and specially aver that Plaintiffs' common law claims are preempted by the statute and must be dismissed.

**Eighty-second Defense**

82.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by § 2315.21 of the Ohio Revised Code and are subject to all provisions of the Ohio Revised Code.

**Eighty-third Defense**

83.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources and the provisions of the Ohio Revised Code.

**Eighty-fourth Defense**

84.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Ohio law.

**Eighty-fifth Defense**

85.    Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to Plaintiffs and to nonparties as provided by the Ohio Revised Code.

**Eighty-sixth Defense**

86.    One or more of Plaintiffs' claims for damages are subject to statutory limits on certain types of damages, and the Court is without jurisdiction to enter judgment for Plaintiffs beyond the limits set forth in the Ohio Revised Code.

**Eighty-seventh Defense**

87.    Ohio Senate Bill 120 and Senate Bill 80, now codified in various sections throughout the Ohio Revised Code, bar or limit one or more of Plaintiffs' claims, including the limits and restrictions on damages set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Eighty-eighth Defense

2    88.    Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to

3    Plaintiffs, or either of them, and to nonparties as provided by Indiana code 34-51-2-1 et seq.

4    ### Eighty-ninth Defense

5    89.    The New Jersey Consumer Fraud Act is inapplicable to the actions herein because the

6    FDA comprehensively regulates the conduct alleged herein.

7    ### Ninetieth Defense

8    90.    The claims are barred, in whole or in part, because Plaintiffs are not "buyers" as

9    defined by the Uniform Commercial Code.

10    ### Ninety-first Defense

11    91.    Plaintiffs lack standing to bring this action and it, therefore, should be dismissed.

12    ### Ninety-second Defense

13    92.    The claims against Defendants are barred because Defendants did not violate the

14    Consumer Fraud Act, and/or it was not applicable to this matter.

15    ### Ninety-third Defense

16    93.    Defendants are entitled to, and claim the benefit of, all defenses and presumptions set

17    forth in or arising from any rule of law or statute in the State of New Jersey, or any other law

18    found applicable in this action.

19    ### Ninety-fourth Defense

20    94.    To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking

21    recovery of punitive or exemplary damages against Defendants, unless Defendants' liability for

22    punitive damages and the appropriate amount of punitive damages are required to be

23    established by clear and convincing evidence, any award of punitive damages would violate

24    Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States

25    Constitution, and would be improper under the common law and public policies of the State of

26    New Jersey.

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Ninety-fifth Defense**

95.    To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages against Defendants, any such claim of Plaintiffs for punitive damages against Defendants cannot be maintained unless the trial is bifurcated.  Any award of punitive damages under New Jersey law without bifurcating the trial and trying all punitive damages issues only if and after liability on the merits has been found would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution, and would be improper under the common law and public policies of the State of New Jersey.

**Ninety-sixth Defense**

96.    To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages against Defendants, any such claim of Plaintiffs for punitive damages against Defendants cannot be maintained, because any award of punitive damages under New Jersey law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards.  Any such verdict would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and would be improper under the common law and public policies of their various states of citizenship.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Ninety-seventh Defense

97.     To the extent any part of Plaintiffs' Complaint may be construed as alleging or seeking recovery of punitive or exemplary damages against Defendants, any award of punitive damages based on anything other than Defendants' conduct in connection with the specific Bextra® products that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and would be improper under the common law and public policies of the State of New Jersey, because any other judgment for punitive damages in this case cannot protect Defendants against impermissible multiple punishment for the same wrong and against punishment for extraterritorial conduct, including especially conduct that is lawful in states other than the State of New Jersey.  In addition, any such award would violate principles of comity under the laws of the State of New Jersey.

### Ninety-eighth Defense

98.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### Ninety-ninth Defense

99.     Defendants avail themselves of all of the provisions, defenses, and standards of proof contained in O.C.G.A. § 51-12-5.1 concerning punitive damages.

### One hundredth Defense

100.    Plaintiffs' claims for strict liability are barred as to Defendants inasmuch as they are not manufacturers of the drug Bextra® within the meaning of O.C.G.A. § 51-1-11(b)(1) and applicable Georgia law.

### One hundred first Defense

101.    Plaintiffs' claims for fraud and misrepresentation(s) are barred and should be dismissed because they have not been pled with sufficient particularity to meet the requirements of O.C.G.A. § 9-11-9(b).

### One hundred second Defense

102.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

## V.

## **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.     That the Complaint be dismissed;

3.     That Defendants be awarded their costs for this lawsuit;

4.     That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.     That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.     That Defendants have such other and further relief as the Court deems appropriate.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   November 16, 2007                          GORDON & REES LLP

2

3                                              By: _____/s/_____

4                                                  Stuart M. Gordon
                                                   sgordon@gordonrees.com
5                                                  Embarcadero Center West
                                                   275 Battery Street, 20th Floor
6                                                  San Francisco, CA 94111
                                                   Telephone:  (415) 986-5900
7                                                  Fax:  (415) 986-8054

8
    November 16, 2007                          TUCKER ELLIS & WEST LLP
9

10
                                               By: _____/s/_____
11
                                                   Michael C. Zellers
12                                                 michael.zellers@tuckerellis.com
                                                   515 South Flower Street, Suite 4200
13                                                 Los Angeles, CA 90071
                                                   Telephone:  (213) 430-3400
14                                                 Fax:  (213) 430-3409

15                                                 Attorneys for Defendants
                                                   PFIZER INC, PHARMACIA
16                                                 CORPORATION, and G.D. SEARLE LLC

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT – 3:07-cv-5283-CRB

## JURY DEMAND

Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

November 16, 2007                                    GORDON & REES LLP


By: _____/s/_____

      Stuart M. Gordon
      sgordon@gordonrees.com
      Embarcadero Center West
      275 Battery Street, 20th Floor
      San Francisco, CA  94111
      Telephone:  (415) 986-5900
      Fax:  (415) 986-8054


November 16, 2007                                    TUCKER ELLIS & WEST LLP


By: _____/s/_____
      Michael C. Zellers
      michael.zellers@tuckerellis.com
      515 South Flower Street, Suite 4200
      Los Angeles, CA 90071
      Telephone:  (213) 430-3400
      Fax:  (213) 430-3409

      Attorneys for Defendants
      PFIZER INC, PHARMACIA
      CORPORATION, and G.D. SEARLE LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111